THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America | Cr. No. 3:16-00257-CMC |
| v. | |
| DANQUAN A. FANNING | **OPINION and ORDER** |
| Defendant. | |

## I. Introduction.

On October 5, 2020, acting *pro se*, Danquan A. Fanning ("Fanning") filed the instant motion on Form AO 243—Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Rev. 09/17). ECF No. 59. In his motion, Fanning challenges as invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his guilty plea and conviction for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 59. In *Rehaif*, the Supreme Court held in order to sustain a conviction under §§ 922(g) and 924(a)(2), "the Government must prove both that the defendant possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.

On October 6, 2020, the court ordered the Government's response due by October 26, 2020. ECF No. 60. On October 30, 2020, the Government moved to stay briefing pending the outcome of the United States' petition for a writ of *certiorari* in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 974 (U.S. Jan. 8, 2021) (No. 20-444) (orally argued April 20, 2021). ECF No. 63. In *Gary*, the defendant pled guilty to two counts of being a felon in possession of a firearm and ammunition in violation of §§ 922(g)(1) and 924(a)(2) without the

district court having previously informed him the Government must prove, with respect to each count, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed the firearm and ammunition at issue. *Gary*, 954 F.3d at 199. On direct appeal, Gary sought to have his guilty plea and convictions vacated under *Rehaif* on the basis he did not knowingly and intelligently plead guilty because he did not understand the essential elements of the offenses prior to entering his guilty plea. *Id.* at 198. Because Gary did not attempt to withdraw his guilty plea in the district court, the *Gary* court reviewed Gary's plea challenge for plain error. *Id.* at 200. The *Gary* court held "a standalone *Rehaif* error satisfies plain error review because such error is structural, which *per se* affects a defendant's substantial rights." *Id.* at 200. Ultimately concluding the *Rehaif* error in Gary's case seriously affected the fairness, integrity and public reputation of the judicial proceedings, the *Gary* court exercised its discretion to correct the error. *Id.* at 208.

In the instant case, the Government argued Fanning, like the defendant in *Gary*, had pled guilty to an offense under §§ 922(g)(1) and 924(a)(2) before *Rehaif* was decided, and therefore, Fanning's case might be affected by the outcome of *Gary* in the Supreme Court. After the Government filed its motion to stay briefing, this court entered an Opinion and Order in *United States v. Asmer*, Cr. No. 3:16-423, 2020 WL 6827829 (D.S.C. Nov. 20, 2020), *appeal filed*, No. 21-6064 (4th Cir. Jan. 11, 2021) (held in abeyance since January 15, 2021, pending issuance of a decision by the United States Supreme Court in *Gary*), holding a defendant raising a forfeited *Rehaif* claim in a (timely filed) § 2255 motion must show cause and prejudice or actual innocence to avoid procedural default. *Asmer*, 2020 WL 6827829, at *5. In so holding, the court distinguished *Gary* on the basis of *Gary*'s direct-appeal procedural posture versus the collateral-

2

review posture in *Asmer*. *Id.* at *4. Thus, in an order filed in the instant case on December 1, 2020, this court held: "Because Fanning must demonstrate cause and prejudice or actual innocence to avoid procedural default on his *Rehaif* claim, the petition for writ of *certiorari* [in *Gary*] will not be dispositive."[1]  ECF No. 64 at 1–2.  Accordingly, this court denied the Government's motion to stay briefing and ordered the Government to file its response to Fanning's § 2255 motion within twenty days of December 1, 2020.  ECF No. 64.  The next day, on December 2, 2020, Fanning filed a motion for judgment on the pleadings or in the alternative for summary judgment based upon the Government's failure to object and/or file a response in any form by October 26, 2020.  ECF No. 67.

In accord with the Government's new deadline to respond, the Government moved to dismiss Fanning's § 2255 motion in its entirety as untimely.  ECF No. 69.  Fanning filed a reply.  ECF No. 72.  This matter is ripe for resolution.

## II. Procedural Background

On April 6, 2016, a federal grand jury returned an indictment ("the Indictment"), charging Fanning with a single count of being a felon in possession of a firearm and ammunition, specifically charging:

> That on or about June 30, 2014, in the District of South Carolina, the Defendant, DANQUAN A. FANNING, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm, that is, a Glock Model 22, .40 caliber handgun and .40 caliber ammunition, both of which had been shipped and transported in interstate and foreign commerce;

---

[1] This court expressly made no finding regarding whether Fanning's § 2255 motion is timely under 28 U.S.C. § 2255(f).  ECF No. 64 at 1 n.1.

3

>     In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

ECF No. 2 at 1.

On November 1, 2016, Fanning pled guilty to Count 1 of the Indictment pursuant to a plea agreement he entered with the Government the same day. ECF Nos. 39, 40, 42. Notably, in conducting the plea colloquy, the court followed then current law and did not advise Fanning that knowledge he had been convicted of a crime punishable by imprisonment exceeding one year at the time he possessed the firearm and ammunition at issue was an element of the offense. *See United States v. Langley*, 62 F.3d 602, 604–08 (4th Cir. 1995) (*en banc*) (holding defendant's knowledge of his felony status is not essential element of offense under §§ 922(g)(1) and 924(a)(2)), *abrogated by Rehaif*, 139 S. Ct. at 2194.

A Pre-Sentence Investigation Report ("the PSR") set forth the information necessary to calculate Fanning's advisory sentencing range under the United States Sentencing Guidelines ("the Guidelines"). ECF No. 55. Based upon such information, the PSR calculated Fanning's total offense level at 32 and his criminal history category at IV, producing an advisory sentencing range under the Guidelines of 120-months imprisonment (due to the statutory maximum for a conviction under §§ 922(g)(1) and 924(a)(2)). *Id.* at ¶¶ 40, 62, 75. On February 1, 2017, the court sentenced Fanning to 84-months imprisonment and three-years supervised release. ECF No. 51. The next day, the court entered its judgment and statement of reasons. ECF Nos. 52, 53. Fanning did not file a direct appeal.

### III. The Government's Untimeliness Challenge

The statutory authorization for a federal prisoner to file a motion attacking his or her sentence is found in 28 U.S.C. § 2255(a), which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The time period for filing such a motion is found in 28 U.S.C. § 2255(f), which provides a federal prisoner has one year to file a motion for relief from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f).

The Government contends Fanning's § 2255 motion is untimely under § 2255(f). The court agrees. Because Fanning did not file a direct appeal, his conviction became final fourteen days after entry of judgment when the fourteen-day notice-of-appeal period expired. Fed. R. App. P. 4(b)(1). Here, the district court entered Fanning's judgment on February 2, 2017, and thus his conviction became final on February 16, 2017. Fanning did not file his § 2255 motion within one year of February 16, 2017, and thus, Fanning cannot show he timely filed his § 2255 motion under § 2255(f)(1). Fanning also cannot show a timely filing under § 2255(f)(2), because there is no allegation, let alone any evidence to suggest, governmental action prevented Fanning from filing

5

his instant § 2255 motion. Similarly, Fanning cannot show a timely filing under § 2255(f)(4) because Fanning's *Rehaif* claim in his § 2255 motion does not depend on the discovery of facts supporting such claim.

This state of affairs leaves only § 2255(f)(3) upon which to consider the timeliness of Fanning's § 2255 motion. To review, § 2255(f)(3) provides a § 2255 motion is timely if it is filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3). Here, Fanning challenges his conviction based upon the Supreme Court's decision in *Rehaif*, which issued June 21, 2019. 139 S. Ct. at 2191. According to the Government, "[i]t is not clear that *Rehaif* announced a new rule of constitutional law that was retroactive on appeal, but even if it did, Fanning did not file the instant § 2255 motion until well over one year after the Supreme Court decided *Rehaif*." ECF No. 69 at 3. Although Fanning filed a reply to the Government's motion to dismiss his § 2255 motion as untimely, he offers no excuse for its untimeliness.[2] Instead, Fanning contends the Government's charge of untimeliness "must fall based on the fact that a defective indictment is jurisdictional and can be challenged at anytime . . . ." ECF No. 72 at 2. Then, in a logically inconsistent exhortation, Fanning, on the one hand, contends the court has a "mandatory obligation to correct this manifest injustice," and, on the other hand, entreats the court to "[t]ransfer this case to an Article III

---

[2] The court notes Fanning makes no assertion to the effect the COVID-19 pandemic prevented him from timely filing his § 2255 motion.

6

Constitutional Court exercising Art[icle] III Constitutional Jurisdiction." *Id.* Fanning concludes his reply by requesting the court vacate his guilty plea as unknowing and unintelligent. *Id.* at 3.

The court agrees with the Government that Fanning's § 2255 motion filed on October 5, 2020 is also untimely under § 2255(f)(3). Assuming *arguendo Rehaif* announced a new rule made retroactively applicable to cases on collateral review, the latest possible date Fanning could have timely filed a § 2255 motion raising a *Rehaif* claim was June 21, 2020, by delivering it to prison authorities for mailing. *See* 28 U.S.C. § 2255(f)(3); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule). This he did not do. Rather, one year and three and a half months after the Supreme Court issued its June 21, 2019 decision in *Rehaif*, 139 S. Ct. at 2191, Fanning filed the instant § 2255 motion on October 5, 2020, pressing a *Rehaif* claim. ECF No. 59. Fanning's motion is untimely by three and a half months, and he offers no excuse for the untimeliness.

Moreover, Fanning's challenge to this court's subject matter jurisdiction is without merit. Article III, Section 1, of the United States Constitution vests the judicial power of the federal government in the Supreme Court and in such inferior courts as Congress may establish. U.S. Const. art. III, §1. In turn, Congress established for each judicial district, delineated at 28 U.S.C. §§ 81–131, United States District Courts for those districts. *Id.* § 132. Congress then provided "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Because Fanning was charged with a crime against the laws of the United States, this court possessed valid subject matter jurisdiction over Fanning's original criminal case. Moreover, Congress also established a motion pursuant to § 2255 must be brought in the sentencing court. 28 U.S.C. §

7

2255(a). *See also Boumediene v. Bush*, 553 U.S. 723, 774–75 (2008) (§ 2255 directs claims challenging a federal sentence on the ground it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case"). Accordingly, this court possesses valid subject matter jurisdiction over Fanning's § 2255 motion.

### IV. Conclusion.

Because Fanning did not file his § 2255 motion, ECF No. 59, within the one-year period of limitation provided in § 2255(f), the court **dismisses it as untimely and with prejudice**. Given such dismissal, the court does not reach the merits of Fanning's 2255 motion for which he seeks vacatur of his guilty plea and denies as moot Fanning's motion for judgment on the pleadings or in the alternative for summary judgment.³ ECF No. 67.

---

³ The court notes one final item. Although Fanning makes no assertion to the effect the COVID-19 pandemic prevented him from timely filing his § 2255 motion, in his February 10, 2021 docketed reply to the Government's motion to dismiss, he asks the court to take judicial notice of the then present existence of a massive COVID-19 pandemic at FCI-Williamsburg, where he is currently incarcerated. ECF No. 72 at 1. According to Fanning in his reply, he has and continues to have issues responding to the court's orders based on being essentially placed on lock-down and unable to have access to the materials necessary to respond within the court's allotted time frame. *Id.* He then states he "will respond when he is allowed time by the administration." *Id.* Although the court is sympathetic to the challenges the COVID-19 pandemic has created for inmates like Fanning in responding to litigation deadlines, the court notes Fanning's reply to the Government's motion to dismiss is three, single-spaced pages, and he does not suggest any arguments he might have been able to make but could not because of such challenges. Indeed, the thorough and extensive nature of his reply completely belies his assertions of being unable to access the materials necessary to respond within the court's allotted time frame. Moreover, despite the lapse of nearly three months since Fanning's last filing and the fact the Federal Bureau of Prisons has taken extensive measures to curb the COVID-19 pandemic at FCI-Williamsburg, resulting in only two
Footnote Continued . . .

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

                                                   s/Cameron McGowan Currie
                                                   CAMERON MCGOWAN CURRIE
                                                   Senior United States District Judge

Columbia, South Carolina
May 11, 2021

---

current inmate COVID-19 cases out of a total of 1,461 inmates (667 of whom are fully vaccinated), Fanning has made no further filings in this case. https://www.bop.gov/coronavirus/index.jsp (last visited May 11, 2021); https//www.bop.gov/locations/institutions/wil (last visited May 11, 2021); https://www.bop.gov/coronavirus/covid19_status.jsp (last visited May 11, 2021). Accordingly, the court has no doubt it has all the materials necessary to decide this case in a fair and judicious manner.